# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIQING WANG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>Defendant. | Case No. 1:16-cv-01963 (TNM) |

## **MEMORANDUM OPINION**

Plaintiff Siqing Wang challenges the manner in which the United States Citizenship and Immigration Services handled her I-526 immigrant visa petition. Her suit names four defendants: the United States Citizenship and Immigration Services; Jeh Johnson, former Secretary of the Department of Homeland Security; Leon Rodriguez, Director of the United States Citizenship and Immigration Services; and Julia Harrison, Acting Chief of the Immigrant Investor Program. Currently before me is Defendants' motion to dismiss for lack of subject matter jurisdiction and, with respect to some of Plaintiff's arguments, for failure to state a claim. Because the District Court for the District of Columbia has subject matter jurisdiction to review the actions that Plaintiff challenges, the motion to dismiss is DENIED in part. However, because the complaint does not adequately state a claim with regard to the denial of Plaintiff's motion to reopen or reconsider, the motion to dismiss is GRANTED in part and Plaintiff's claims concerning that motion are DISMISSED without prejudice.

# I. BACKGROUND

Plaintiff's complaint alleges that she is a 23-year-old graduate student who wishes to become a permanent resident of the United States.[1] Accordingly, Plaintiff invested $500,000 in an American business, believing that this investment would make her eligible for permanent residency under 8 U.S.C. § 1153(b)(5). The $500,000 were proceeds of a loan secured by property that Plaintiff owned jointly with her father. Although she only held a 50% interest in the property, her father gave her his half of the loan proceeds as a gift. Plaintiff took the funds and invested them in an American business in 2014.

Plaintiff then filed an I-526 visa petition. On October 5, 2015, the United States Citizenship and Immigration Services (USCIS) approved the petition, concluding that she satisfied the requirements for an EB-5 immigrant investor visa. However, the USCIS initiated revocation proceedings less than two months later. On December 3, 2015, it sent her a Notice of Intent to Revoke (NOIR). The NOIR stated that Section 1153(b)(5)'s requirement of a $500,000 investment of capital is a requirement that the investor put $500,000 of her own capital at risk. Because Plaintiff's investment consisted of loan proceeds and she did not own $500,000 worth of the property used to secure the loan, USCIS took the position that she had not invested sufficient capital to satisfy Section 1153(b)(5). Plaintiff responded by repeating her prior representation that her father had gifted her his share of the loan proceeds, so that all the capital she invested was her own. However, the USCIS issued a decision on February 1, 2016,

---

[1] Because this case is before me on a motion to dismiss, I accept the factual statements in Plaintiff's complaint as true and draw all reasonable inferences in her favor for purposes of this opinion. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 398 F.3d 666, 671 (D.C. Cir. 2005).

informing her that her visa petition was denied. Importantly, this decision said nothing about a visa revocation.

Plaintiff, through a new attorney, filed a motion to reopen or reconsider the USCIS's decision (MTR). The MTR argued that the decision should be reopened because the Plaintiff's prior attorney had rendered ineffective assistance in presenting and explaining the underlying loan transactions. The MTR also argued that, properly interpreted, the loan documents showed that Plaintiff's father had gifted her a portion of his interest in the property securing the loan prior to the loan's execution. USCIS denied the MTR, determining, as Plaintiff had originally alleged, that Plaintiff's father "is a property owner gifting a loan amount corresponding to his property interest." Compl. ¶ 48; Pl.'s Notice of Filing, Ex. 1 at 4.

Plaintiff then filed this suit, challenging both the denial of her visa petition and the denial of her MTR. Plaintiff's complaint named four defendants: USCIS; Jeh Johnson, then-Secretary of the Department of Homeland Security; Leon Rodriguez, the Director of USCIS; and Julia Harrison, the Acting Chief of the Immigrant Investor Program. Defendants jointly filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

## II. PLAINTIFF HAS ESTABLISHED SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction" and therefore "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Accordingly, jurisdiction is a prerequisite that must be satisfied before proceeding to the merits, and a federal court must dismiss any action over which it determines that it lacks subject matter jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007); *see also* Fed. R. Civ. P. 12(h)(3). On a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of

establishing jurisdiction. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984). A plaintiff may rely on facts outside the pleadings to satisfy this burden, as "the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

As a general matter, federal courts have jurisdiction over actions that raise questions of federal law and over actions that name the United States as a defendant. 28 U.S.C. §§ 1331 and 1346. Moreover, the Administrative Procedure Act establishes "a strong presumption" that agency actions are reviewable—a presumption that "can be rebutted only by a clear showing that judicial review would be inappropriate." *Nat. Res. Def. Council, Inc. v. SEC*, 606 F.2d 1031, 1043 (D.C. Cir. 1979). However, 8 U.S.C. § 1252(a)(2)(B)(ii) expressly strips federal courts of jurisdiction to review decisions "specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security," with one exception not relevant to this case.

Plaintiff invokes federal jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and under 28 U.S.C. § 1346 (actions naming the United States as a defendant). Defendants' motion to dismiss does not dispute that Plaintiff has raised a federal question and named the United States as a defendant. Instead, Defendants confidently insist that "the case will be dismissed" based on persuasive authority holding that 8 U.S.C. § 1155 specifies revocation of an approved immigrant visa petition to be within the sole and unreviewable discretion of the Secretary of Homeland Security for purposes of Section 1252(a)(2)(B)(ii). Defs.' MOL ISO Mot. Dismiss at 9.

Of course, Defendants' argument is only relevant to the extent that Plaintiff seeks review of a revocation. The complaint in this case seeks review of two USCIS actions—a decision

4

rendered on February 1, 2016 (regarding Plaintiff's visa petition), and a decision rendered on August 3, 2016 (regarding Plaintiff's MTR). The parties dispute whether the first decision should be treated as a revocation or a denial. They agree that the second decision is a denial of Plaintiff's MTR. For the reasons explained below, I conclude that neither action is a revocation. Thus, Section 1252(a)(2)(B)(ii) is inapplicable, and jurisdiction is established by 28 U.S.C. §§ 1331 and 1346.

### A. Jurisdiction Over the Denial of Plaintiff's Visa Petition

The parties agree that federal courts have jurisdiction to review the denial of a visa petition. *See Fogo de Chao (Holdings) Inc. v. DHS*, 769 F.3d 1127, 1138-39 (D.C. Cir. 2014). By contrast, the great weight of persuasive authority indicates that federal courts lack jurisdiction to review revocation of a visa petition's approval. *See Mohammad v. Napolitano*, 680 F. Supp. 2d 1, 4-6 (D.D.C. 2004) (collecting cases and holding that, "by using the terms 'may,' 'at any time,' and 'deems,' [Section 1155] specified that the authority to make revocation decisions was within the discretion of defendants, and therefore outside the scope of this Court's review").[2] Thus, although Plaintiff's complaint appears to describe the USCIS's February 1 decision as a revocation and as a denial interchangeably, it is necessary to determine which term applies to the decision of which Plaintiff complains.

On its face, the February 1 decision purports to be a denial of an I-526 visa petition. Pl.'s Opp. to Defs.' Mot. Dismiss, Ex. B. The decision begins, "Your Form I-526, Immigrant Petition by Alien Entrepreneur, filed by Siqing Wang, has been denied." *Id.* at 1. It then refers to an

---

[2] Indeed, of the circuit courts to consider this issue, it appears that only the Court of Appeals for the Ninth Circuit has taken a contrary position. *See ANA Int'l Inc. v. Way*, 393 F.3d 886, 895 (9th Cir. 2004).

attached Notice of Decision for a statement of the reasons for denial. *Id.* Like the decision itself, the Notice of Decision states that "the petition is denied" and that "the Form I-526 is denied." *Id.* at 4, 6. Nowhere does either document refer to the decision as a revocation. In other contexts, courts give careful consideration to an agency's characterization of its own conduct. *See, e.g., Wilderness Soc. v. Norton*, 434 F.3d 584, 595 (D.C. Cir. 2006) (listing an agency's characterization of its own action as the first of three factors to consider in determining whether an agency has issued a binding norm or a mere policy statement). Here, that would mean that I should treat the decision as a denial—not a revocation—and take jurisdiction over the matter.

Nevertheless, Defendants argue that the USCIS's repeated characterization of its own action as a denial constitutes harmless error and that I should set this characterization aside in order to treat the February 1 decision as a revocation authorized by Section 1155 and shielded from judicial review by Section 1252(a)(2)(B)(ii). According to Defendants, I can treat the decision as a revocation because USCIS meant its action to be a revocation and because Plaintiff enjoyed all the procedural safeguards that apply to revocations. Defendants reason that the USCIS "did not prejudice Plaintiff and did nothing to affect the final outcome of the administrative proceeding" through its "inadvertent use of the term 'denied.'" Defs.' Reply ISO Mot. Dismiss at 10.

There are at least two independently adequate reasons that the harmless error argument fails to overcome the USCIS's original characterization of its own conduct. The first reason it fails is that Defendants' argument has no basis in harmless error doctrine. Defendants purport to rely on *Jicarilla Apache Nation v. United States Department of the Interior*, 613 F.3d 1112 (D.C. Cir. 2010). *Jicarilla Apache Nation* essentially states that if a plaintiff complains of an agency's error without showing that the error resulted in harm, the court need not correct that error. *Id.* at

1121. Thus, the requirement that a plaintiff demonstrate harm caused by an error is predicated on the plaintiff complaining of that error, and the consequence of a plaintiff's failure to demonstrate harm is that the error will not be corrected.

Unlike the harmless error analysis in *Jicarilla Apache Nation*, the analysis that Defendants propose in this case would predicate the Plaintiff's obligation to demonstrate harm on the agency complaining of its own error and would conclude from Plaintiff's failure to demonstrate harm that the error should be corrected. Rather than requiring Plaintiff to demonstrate that an error of which she complains caused her harm, Defendants would have me require her to demonstrate that she was harmed by a statement that she alleges was correct and that she believes is helpful to her case. Rather than concluding that harmlessness is a reason not to correct an error, Defendants would have me treat harmlessness as a basis for correcting the alleged error by setting aside the plain text of the USCIS's decision in order to effectuate the agency's *post hoc* recharacterization of its intent. Defendants' request has no support in the case law on which it purports to rely.[3]

---

[3] In response to similar observations made during oral argument, Defendants filed additional briefing on harmless error, this time relying on *Sea "B" Mining Company v. Addison*, 831 F.3d 244 (4th Cir. 2016). Defendants quote *Addison* for the propositions that "[t]he burden to demonstrate prejudicial error is on . . . the party challenging the agency action" and that "if the agency's mistake did not affect the outcome, it would be senseless to vacate and remand for reconsideration." Defs.' Response to Pl.'s Notice at 1 (quoting *Addison*, 831 F.3d at 253). According to Defendants, this means that in order to challenge the February 1 decision and justify vacatur and remand, Plaintiff must show that the agency's allegedly inadvertent use of the word "denied" was prejudicial and affected the outcome of the agency proceeding, even though Plaintiff has no objection to the agency's word choice. *Id.* at 2. However, Plaintiff need not demonstrate that every error in the February 1 decision was prejudicial and affected the outcome of the case in order to demonstrate that the errors of which she complains provide a sound basis for vacating and remanding. To hold otherwise would be to say that one harmless error in an agency decision is enough to immunize that decision from ever being vacated and remanded, no matter how many other errors a Plaintiff may allege. This, of course, is not the law. Typos do not establish infallibility.

The second reason that the harmless error argument fails to overcome the agency's original characterization of its own conduct is that binding precedent prohibits me from accepting after-the-fact rationalizations for agency action. *See, e.g., Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962). It is a longstanding and "fundamental rule of administrative law" that "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

The USCIS decision refers to the Notice of Decision for an explanation of the reasons for the agency's conduct. Pl.'s Opp. to Defs.' Mot. Dismiss, Ex. B at 1. The Notice of Decision invokes the statutory and regulatory provisions governing denial of visa petitions as the sole basis for the agency's action. *Id.* at 3-6. Nowhere does the USCIS decision or Notice of Decision invoke the Secretary's discretionary authority to revoke approvals of visa petitions under Section 1155. Because the USCIS cannot invoke that authority after the fact, its February 1 decision must be evaluated on its own terms as a denial subject to judicial review rather than as a revocation shielded from review under Section 1252(a)(2)(B)(ii).[4]

### B. Jurisdiction Over the Denial of Plaintiff's Motion to Reopen or Reconsider

In addition to challenging the USCIS's February 1 denial of her visa petition, Plaintiff also challenges the USCIS's August 3 denial of her MTR. Defendants argue in a single footnote of their motion to dismiss that Sections 1155 and 1252(a)(2)(B)(ii) shield the August 3 decision

---

[4] Plaintiff offers two alternative arguments for jurisdiction. First, Plaintiff argues that her complaint raises nondiscretionary predicate legal questions that are subject to judicial review notwithstanding Section 1252(a)(2)(B)(ii). Pl.'s Opp. to Defs.' Mot. Dismiss at 21-25. Second, Plaintiff argues that a putative revocation that promptly follows an approval is in substance a denial. *Id.* at 26. In light of my finding that the February 1 decision was a visa denial over which I have jurisdiction, I need not decide these alternative arguments.

from judicial review by shielding the underlying February 1 decision from judicial review. This argument assumes that the February 1 decision is immune from judicial review. I have already determined to the contrary. Accordingly, this argument fails.

Even assuming *arguendo* that the underlying decision was a revocation not subject to review, Defendants' argument would fail. Defendants cite no authority to support their view that the denial of an MTR is committed to the Secretary's discretion by Section 1155 and shielded from review by Section 1252(a)(2)(B)(ii). In fact, Defendants' own motion to dismiss asserts that such motions are governed by non-discretionary standards set forth in 8 C.F.R. § 103.5 and cites several cases in which MTRs were subject to judicial review. *See, e.g., Delgado v. Quarantillo*, 611 F. App'x 30 (2d Cir. 2015); *AT&T Fin. Servs., Inc. v. Rosenberg*, 2015 WL 10939900 (C.D. Cal. Mar. 2, 2015); *Grewal v. USCIS*, 2009 WL 4061523 (W.D. Pa. Nov. 23, 2009). Moreover, the Supreme Court has held that "§ 1252(a)(2)(B)(ii) does not proscribe judicial review of denials of motions to reopen." *Kucana v. Holder*, 558 U.S. 233, 249 (2010); *see also Mata v. Lynch*, 135 S. Ct. 2150, 2155 (2015) ("Whenever the Board denies an alien's statutory motion to reopen a removal case, courts have jurisdiction to review its decision").

In sum, neither of the decisions of which Plaintiff complains were committed to the Secretary's discretion under Section 1155 and shielded from review under Section 1252(a)(2)(B)(ii). The complaint properly invokes jurisdiction under Sections 1331 and 1346.

### III. PLAINTIFF HAS NOT ADEQUATELY STATED A CLAIM REGARDING HER MOTION TO RECONSIDER OR REOPEN

In addition to arguing that its decisions are immune from judicial review, the USCIS has moved to dismiss Plaintiff's challenge to its denial of her MTR on the ground that this aspect of Plaintiff's complaint fails to state a claim. To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual

9

allegations that, if true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires that a complaint raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545-46. Thus, a court evaluating a motion to dismiss for failure to state a claim does not accept the truth of legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. However, it construes the complaint in the light most favorable to the plaintiff and accepts as true all reasonable inferences drawn from well-pled factual allegations. *See In re United Mine Workers of Am. Emp. Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994). Consideration is limited to "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Hurd v. D.C. Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017).

The standards governing MTRs are established by 8 C.F.R. § 103.5. Section 103.5(a)(2) provides in relevant part, "A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence." Section 103.5(a)(3) provides:

> A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

An MTR that does not satisfy the requirements for reopening under Section 103.5(a)(2) and that does not satisfy the requirements for reconsideration under Section 103.5(a)(3) may be lawfully

denied. According to Defendants, Plaintiff has not adequately alleged that her MTR satisfied these requirements and therefore has failed to state a claim challenging the denial of her MTR.

Plaintiff responds that her complaint adequately alleges grounds for reopening under Section 103.5(a)(2) when it states that the MTR "argued that the proceedings should be reopened because prior counsel rendered ineffective assistance in presenting and explaining the underlying loan transactions." *See* Compl. ¶ 47. However, the cases on which she relies to show that ineffective assistance of counsel is a "new fact" that provides grounds for reopening under Section 103.5(a)(2) also require that a party who complains of ineffective assistance: "(1) provide an affidavit describing in detail the agreement with counsel; (2) inform counsel of the allegations and afford counsel an opportunity to respond; and (3) report whether a complaint of ethical or legal violations has been filed, and if not, why." *Siong v. INS*, 376 F.3d 1030, 1036-37 (9th Cir. 2004); *see also In re N-K- & V-S-*, 21 I & N. Dec. 879, 881 (BIA 1997). The complaint does not allege that Plaintiff satisfied these procedural requirements and therefore does not adequately allege that Plaintiff provided grounds for reopening under Section 103.5(a)(2).[5]

---

[5] Plaintiff seeks to distinguish the cases that originally established these procedural requirements on the ground that they involve a regulation that governs reopening in the context of BIA removal proceedings and not in the context of the USCIS's evaluation of visa petitions. But this would also distinguish the cases on which Plaintiff relies for the proposition that ineffective assistance of counsel is a basis for reopening. Assuming *arguendo* that Plaintiff is right that the requirements for reopening in the context of removal proceedings do not apply here, Plaintiff has not adequately addressed Defendants' challenge to the sufficiency of her complaint.

There is a related constitutional question whether the right to effective assistance of counsel applies in the context of visa petitions at all. Plaintiff's brief does not directly address the point. Defendants' brief raises it in a footnote that relies almost exclusively on sources that are off point, including two sets of headnotes. Because the question has not been adequately briefed and is not necessary to the resolution of this motion, I decline to reach it here.

Plaintiff responds, alternatively, that her complaint adequately alleges grounds for reconsideration under Section 103.5(a)(3) when it states that the MTR "argued that, properly interpreted, the loan transaction documents show that Ms. Wang's father, instead of gifting Ms. Wang the cash that he received from the loan, actually transferred to Ms. Wang a portion of his interest *in the property securing the loan* prior to the loan's execution." *See* Compl. ¶ 47. These are factual issues. However, "[t]he grounds upon which a motion to reconsider may be granted are essentially legal . . . ." *Grewal*, 2009 WL 4061523 at *5. Accordingly, Plaintiff's argument fails to demonstrate the adequacy of her complaint.[6]

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is DENIED in part, insofar as it alleges a lack of subject matter jurisdiction, and GRANTED in part, insofar as it alleges that Plaintiff has failed to state a claim regarding the denial of her MTR. The complaint is DISMISSED without prejudice to the extent that it challenges the denial of Plaintiff's MTR. A separate order will issue.

**SO ORDERED.**

Date: January 16, 2018

TREVOR N. MCFADDEN
United States District Judge

---

[6] During oral argument, Plaintiff's counsel appeared to raise an alternative argument for the first time. He noted that the complaint challenged the USCIS interpretation of the statute, which is a legal question. Tr. of Proceedings, page 29-31. To the extent this argument may have been raised in the MTR, counsel admitted that it was not supported by pertinent precedent. Tr. of Proceedings, page 30; *see also* Section 103.5(a)(3). Moreover, this argument is directly contrary to Plaintiff's briefing, which emphasized that the Plaintiff's argument for reconsideration assumed the correctness of the USCIS loan-proceeds policy. *See* Pl.'s Opp. to Defs.' Mot. Dismiss at 27, 28 n.11.